1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  KATHLEEN MANCINI, a single
    woman,

11                                          NO.   2:12-cv-00714

            Plaintiff,
12
13      vs.                                 (Superior Court of the State of
                                            Washington County of King
14  CITY OF TACOMA, a municipal entity      No. 12-2-05839-3 KNT)
    and political subdivision of the State of
15  Washington; the TACOMA POLICE
    DEPARTMENT; and DON               NOTICE OF REMOVAL OF ACTION
16  RAMSDELL, individually and in his  FROM STATE COURT
    official capacity as Chief of Tacoma
17  Police,

18          Defendants.

19

20  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

21  FOR THE WESTERN DISTRICT OF WASHINGTON

22      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(b),

23  defendants hereby remove this action from the Superior Court of the State of

24  Washington, County of King, to the United States District Court to the Western

25  District of Washington at Seattle.  Defendants appear solely for the purpose of

26

NOTICE OF REMOVAL OF ACTION
FROM STATE COURT - Page 1 of 3
(2:12-cv-00714)

LEG 008 (12/01)]

removal and for no other purpose, reserving all other defenses available to defendants and alleges on information and belief as follows:

1. Plaintiff filed the above-captioned action against defendant City of Tacoma and Tacoma Police Chief Don Ramsdell in the Superior Court of the State of Washington, County of King, on February 15, 2012.  The defendant was served with a copy of the Complaint on April 2, 2012, a copy of which is attached hereto as Exhibit A.

2. This Notice of Removal is being filed within 30 days after the first receipt by the defendants of the Complaint and thus is timely filed pursuant to 28 U.S.C. § 1446(b).

3. This is a civil action for which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331, as plaintiff has asserted a violation of her civil rights as secured by federal law.

4. Plaintiff has also asserted various state tort actions.  Defendants request that all claims be removed from the Superior Court of the State of Washington, County of King, and that this Court exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. §1441(c).

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon defendants to date are attached.

6. The defendants will promptly file a copy of this Notice in the Superior Court of the State of Washington, County of King, and will serve a copy of the same on the plaintiff in accordance with 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL OF ACTION
FROM STATE COURT - Page 2 of 3
(2:12-cv-00714)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

WHEREFORE, the defendants give notice that the above-captioned

action commenced against it in the Superior Court of the State of Washington,

County of King, has been removed to this Court.

DATED this _____24th_____ day of April, 2012.

ELIZABETH A. PAULI, City Attorney

By: _____

JEAN P. HOMAN
WSBA# 27084
Deputy City Attorney
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on _____4-24-12_____, I electronically
filed, through my staff, the foregoing with the Clerk of the Court using the
CM/ECF system which will send notification of such filing to Lori S. Haskell,
Attorney for Plaintiff.

_____

JEAN P. HOMAN
WSBA#27084
Attorney for Defendants
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5885
Fax:  (253) 591-5755
jhoman@ci.tacoma.wa.us

NOTICE OF REMOVAL OF ACTION
FROM STATE COURT - Page 3 of 3
(2:12-cv-00714)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01))

# EXHIBIT A

RECEIVED *Via Delivery*
*10:50 Service accepted bt*

APR 0 2 2012 *Jennifer taylor*

TACOMA CITY ATTORNEY
CIVIL DIVISION

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

Kathleen Mancini, a single woman,

    Plaintiff,

    Vs.

City of Tacoma, a municipal entity and
political subdivision of the state of
Washington; the Tacoma Police
Department; and Don Ramsdell,
individually and in his official capacity as
chief of Tacoma Police,

    Defendants.

No.  12-2-05839-3  KNT

Complaint for Damages

## I.  Jurisdiction & Venue

Plaintiff states:

1. The above-captioned court properly has jurisdiction over this cause.

2. Defendant City of Tacoma is a municipal entity and political subdivision of Pierce

County, Washington.

3. Defendant Tacoma Police Department is an agency of Defendant City of Tacoma.

The known officers who participated in the violation of Kathleen Mancini's home and

COMPLAINT FOR
DAMAGES
    1

          Lori S. Haskell
       Fishermen's Terminal
   1900 West Nickerson  #209
    Seattle, WA  98119
     (206) 285-4130

person are identified as Schultz, Walkinshaw, May, Kim, Travis, Sctipps, C. Shipp and Smith.

4. Police Chief Don Ramsdell is responsible for oversight and training of Tacoma Police officers.

4. Jurisdiction and venue are proper in King County Superior Court, as Plaintiff resides in King County and all the acts alleged herein occurred in King County.

5. Prior to filing this action the plaintiff properly filed a Notice of Claim for damages with the City of Tacoma pursuant to RCW 4.96.020.  Over 60 days have elapsed since the filing of Plaintiff's Notice of Claim.

## II. Facts

1. Kathleen Mancini is a nurse who works the graveyard shift for Group Health Hospital.  At all times pertinent she was 63 years old.

2. On the morning of January 5, 2011 Ms. Mancini had finished her all night shift and was asleep in the bedroom of her apartment located at 28617 Ave. S. #B1, Federal Way, Washington.

3. At approximately 9:00 a.m. on that morning, Tacoma Police officers used a battering ram to break down the plaintiff's front door.

4. Ms. Mancini, wearing only a nightgown, emerged from her bedroom at the sound of her front door being blown off its hinges.

5. Multiple Tacoma Police officers, dressed in SWAT gear and with weapons drawn, confronted Ms. Mancini in the hallway outside her bedroom, screamed at her, forced the plaintiff to the ground and handcuffed her.

6. The officers then dragged Ms. Mancini to her feet, marched her out of her front door and paraded her into the parking lot of her apartment building.  She

COMPLAINT FOR
DAMAGES
   2

requested that she be allowed to take bedroom slippers—which were lying next to her when the police ordered her to lay face down in the hallway of her apartment building.  That request was denied.

7.  Tacoma Police forced Ms. Mancini to stand barefoot in her nightgown in the parking lot of her apartment building in inclement weather for more than 45 minutes in full view of neighbors and passersby.

8.  During this entire time Ms. Mancini was handcuffed in such an extreme fashion that she suffered bilateral shoulder injuries.

9.  Meanwhile, the Tacoma Police officers ransacked Ms. Mancini's apartment, damaging her personal property.

10.  Tacoma Police officers continued to detain Ms. Mancini even though they had a picture of the suspect they were trying to apprehend who is a young male.

11.  Tacoma Police officers had a description of the apartment that they had intended to search.  However, they forcibly detained Ms. Mancini for 45 minutes even though an Incident Report filed in this matter states in part: "I immediately observed that the inside of the apartment was not as the 'confidential and reliable informant' [sic] had described."

12.  Eventually the Tacoma Police officers admitted they were attempting to raid the wrong residence.

13.  After forcing Ms. Mancini to stand handcuffed and barefoot for 45 minutes and ransacking the Mancini apartment, the officers filed an incident report that falsely states: "Mancini's apartment was not searched and she was immediately released."

COMPLAINT FOR
DAMAGES
3

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

14. Tacoma Police officers eventually went to the correct apartment, knocked on the door, and asked the resident to step outside. A strong odor of marijuana was coming from that apartment and the resident was placed under arrest.

15. At all times material, the Tacoma Police officers involved were City of Tacoma employees and acting within the course and scope of their employment and authority.

### III.  Negligence

Plaintiff incorporates all paragraphs above.

1. The actions on January 5, 2011 of all the involved Tacoma Police officers fell below the standard of care in the performance of their duties.

2. As a proximate cause of the actions of the Tacoma Police officers violently entering the wrong apartment Kathleen Mancini suffered injuries.

3. The actions of Tacoma Police officers on January 5, 2011 in 'capturing' and restraining Kathleen Mancini fell below the standard of care in performance of their duties because they used excessive force in restraining the plaintiff improperly and without cause.

4. As a proximate cause of this excessive force, plaintiff Kathleen Mancini suffered injuries.

5. At all times material the Tacoma Police officers involved in this 'raid' were acting within the course and scope of their employment and authority.

6. Because the officers were acting within the course and scope of their employment with Defendant City of Tacoma when they negligently injured Kathleen Mancini, Defendant City of Seattle is liable to Kathleen Mancini under the doctrine of respondeat superior.

COMPLAINT FOR
DAMAGES
  4

## IV. <u>Breach of Duty to Train and Supervise</u>

1. Plaintiff re-alleges and incorporates all paragraphs above.

2. Defendant City of Tacoma had a duty to properly train its employees, including Defendant Tacoma Police Department.

3. Defendant City of Tacoma, as a matter of practice and policy, failed to properly train its employees, including Defendant Tacoma Police Department concerning the rights of citizens, thereby causing the Defendant Tacoma Police Department to engage in unlawful conduct on January 5, 2011 as described above.

4. Defendant City of Tacoma had a duty to properly supervise its employees, including Defendant Tacoma Police Department.

5. Defendant City of Tacoma, as a matter of practice and policy, failed to properly supervise its employees, including Defendant Tacoma Police Department, concerning appropriate searches and entry into the residences of citizens causing the Tacoma Police officers to engage in unlawful conduct on January 5, 2011 as described above.

6. As a result of Defendant City of Tacoma's failing to train and supervise its employee Defendant Tacoma Police Department, Kathleen Mancini suffered damages.

## V. <u>Assault and Battery</u>

1. Plaintiff hereby alleges and incorporates all the above paragraphs.

2. The conduct described above by Tacoma Police officers constitutes intentional and malicious tortious assault, causing Kathleen Mancini apprehension of imminent, harmful, nonconsensual and offensive contact.

COMPLAINT FOR
DAMAGES
     5

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

3.  The conduct described above by Tacoma Police officers constitutes intentional and malicious tortious battery, resulting in harmful, nonconsensual and offensive contact to the person of Kathleen Mancini.

4.  Because the officers were acting within the course and scope of their employment with Defendant City of Tacoma during the commission of tortious assault and battery against Kathleen Mancini, Defendant City of Tacoma is liable to Kathleen Mancini under the doctrine of respondeat superior.

## VI. Violation of Fourth, Fifth and Fourteenth Amendments And of 42 U.S.C. Sec. 1981 and 1983

1.  Plaintiff hereby re-alleges and incorporates all the above paragraphs.

2.  As stated above, on or about January 5, 2011, Tacoma Police officers acting under color of law, unlawfully detained, searched and seized Kathleen Mancini in violation of her rights to due process and equal protection under the law as guaranteed by the Fifth and/or Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Sec. 1981.

3.  As stated above, on or about January 5, 2011 Tacoma Police officers, acting under color of law, unlawfully used excessive force in the apprehension of Kathleen Mancini without justification in violation of the Fourth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Sec. 1983

COMPLAINT FOR
DAMAGES
    6

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

4. Defendant City of Tacoma is vicariously liable for the actions of its agents, the Tacoma Police officers involved in the unlawful detention of Kathleen Mancini and the 'raid' of her residence.

5. As a proximate result of the above cited Constitutional and statutory violations, Kathleen Mancini suffered damages in an amount to be determined at trial.

## VII. Violation of Washington Constitution Art. 1, Sec.1 and Sec. 3 and Sec.7 and RCW 49.60.030.

1. Plaintiff hereby re-alleges and incorporates all the above paragraphs.

2. As stated above, on or about January 5, 2011 Tacoma Police officers, acting under color of law, unlawfully entered the residence, detained, searched and seized Kathleen Mancini in violation of her rights to due process and equal protection under the law as guaranteed by the Washington Constitution Article 1, Section 3 and in violation of RCW 49.60.030.

3. As stated above, on or about January 5, 2011 Tacoma Police officers, acting under color of law, unlawfully used excessive force in the apprehension of Kathleen Mancini without justification in violation of her right to freedom from unreasonable seizure as guaranteed by the Washington Constitution, Article 1, Section 7.

## VIII. False Imprisonment

1. Plaintiff hereby re-alleges and incorporates all the above paragraphs.

COMPLAINT FOR
DAMAGES
7

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

2.   As described more fully above, Tacoma Police officers unlawfully detained, restrained and imprisoned Kathleen Mancini, proximately causing her damages in an amount to be determined at trial.

3.   Defendant City of Tacoma is vicariously liable for the actions of its agents, Tacoma Police officers.

## IX.  Defamation and False Light

4.   Plaintiff hereby re-alleges and incorporates all the above paragraphs.

1.   As described above, Tacoma Police officers exposed Kathleen Mancini to ridicule and injury to her reputation by publicly and unlawfully seizing, searching and detaining her in an extreme public manner so as to give the false impression to observers that she was a criminal or otherwise engaged in criminal activity.

2.   These acts constitute defamation *per se*.

3.   These acts portrayed Kathleen Mancini in a false light.

4.   Defendant City of Tacoma is vicariously liable for the actions of its agents, Tacoma Police officers.

5.   As a proximate result of the above cited acts of defamation and false light, Kathleen Mancini suffered damages in an amount to be determined at trial.

## X.  Invasion of Privacy

1.   Plaintiff hereby re-alleges and incorporates all the above paragraphs.

2.   As described above, Tacoma Police officers unlawfully entered Kathleen Mancini's residence, unlawfully searched her residence and ransacked her personal property.

COMPLAINT FOR
DAMAGES
8

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

3. Defendant City of Tacoma is vicariously liable for the actions of its agents, Tacoma Police officers.

4. As a proximate result of the above cited acts of invasion of privacy, Kathleen Mancini suffered damages in an amount to be determined at trial.

## XI. Infliction of Emotional Distress

1. Plaintiff hereby re-alleges and incorporates all the above paragraphs.

2. As stated more fully above, the unlawful acts of the Tacoma Police officers inflicted emotional distress on Kathleen Mancini.

3. The actions of the Tacoma Police officers constitute negligent infliction of emotional distress, or alternatively Tort of Outrage.

4. Defendant City of Tacoma is vicariously liable for the actions of its agents, Tacoma Police officers.

5. As a proximate result of the above cited acts of infliction of emotional distress, Kathleen Mancini suffered damages in an amount to be determined at trial.

## XII. Damages

1. Plaintiff hereby re-alleges and incorporates all the above paragraphs.

2. As a direct and proximate result of the negligent, unlawful and tortious conduct of Tacoma Police officers, the plaintiff Kathleen Mancini suffered injuries. Said injuries have caused, and in the future will cause, financial loss, pain and suffering, disability, loss of enjoyment of life, embarrassment, anguish, emotional distress, PTSD and other damages to be identified at trial.

COMPLAINT FOR
DAMAGES
9

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

**Prayer for Relief**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For general damages in an amount now unknown but which will be proved at the time of trial.

2. For special damages in an amount now unknown but which will be proved at the time of trial.

3. For judgment against Defendants for statutory penalties;

4. For attorneys fees and costs as provided by any applicable provision of the law;

5. For costs and disbursements herein to be taxed;

6. For such other and further relief as the court may deem appropriate.

LAW OFFICES OF LORI S. HASKELL

Lori S. Haskell  WSBA #15779
Attorney for Plaintiff

COMPLAINT FOR
DAMAGES
      10

Lori S. Haskell
Fishermen's Terminal
1900 West Nickerson  #209
Seattle, WA  98119
(206) 285-4130

RECEIVED

VIA Delivery
10:20
To
Service accepted
Jennifer Taylor

APR 02 2012

TACOMA CITY ATTORNEY
CIVIL DIVISION

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

Kathleen Mancini, a single woman,

    Plaintiff,

    Vs.

City of Tacoma, a municipal entity and
political subdivision of the state of
Washington; the Tacoma Police
Department; and Don Ramsdell,
individually and in his official capacity as
chief of Tacoma Police,

    Defendants.

No. 12-2-05839-3 KNT

SUMMONS

THE STATE OF WASHINGTON, TO:  DEFENDANTS

    A lawsuit has been started against you in the above-entitled court by claimants.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the claimant within 20 days after the service of this summons (or 60 days if this summons was served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment

SUMMONS

1

Lori S. Haskell
Fishermen's Terminal
1900 W. Nickerson St. #209
Seattle, WA  98119
(206) 285-4130

is one where plaintiff is entitled to what she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

     If you wish to seek the advice of any attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

DATED this 17th day of February, 2012.

LAW OFFICES OF LORI S. HASKELL

Lori S. Haskell  WSBA #15779
Attorney for Plaintiff

SUMMONS
2

Lori S. Haskell
Fishermen's Terminal
1900 W. Nickerson St. #209
Seattle, WA  98119
(206) 285-4130

RECEIVED

APR 0 2 2012

TACOMA CITY ATTORNEY
CIVIL DIVISION

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Kathleen Mancini | | NO.  12-2-05839-3     KNT |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | Plaintiff(s) | |
| Tacoma Police Department | | ASSIGNED JUDGE  Smith                 5 |
| | | FILE DATE:                    02/15/2012 |
| | Defendant(s) | **TRIAL DATE:                07/29/2013** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 02/15/2012 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Wed 07/25/2012 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Wed 07/25/2012 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Wed 08/08/2012 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon 02/25/2013 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon 04/08/2013 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon 04/22/2013 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | Mon 04/22/2013 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon 06/10/2013 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon 07/01/2013 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon 07/08/2013 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon 07/08/2013 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon 07/15/2013 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon 07/22/2013 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 07/22/2013 | * |
| Trial Date [*See KCLCR 40*]. | Mon 07/29/2013 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   02/15/2012

_Richard F. McDermott_

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.     Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

_____

**PRESIDING JUDGE**

 **Process Server Field Worksheet**

Client: Haskell, Lori S
Client Ref:
Case #: 12-2-05839-3 KNT
Court: SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

Date: Mar 30 2012
Tracking #: 7363537

 

| Area: **Tac - Downtown Tacoma** | Serve By: **Apr 4 2012** |
|---|---|
| Serve: **CITY OF TACOMA, A MUNICIPAL ENTITY AND POLITICAL SUBDIVISION OF THE STATE OF WASHINGTON** <br> DOB: | Status Date: **Apr 4 2012** <br> If not served by this date turn into dispatch for update. <br> Hearing Date: |
| 1st Service Address: <br><br> **747 MARKET ST TACOMA WA 98402** | 2nd Service Address: |

Document List:   SUMMONS; COMPLAINT FOR DAMAGES; ORDER SETTING CIVIL CASE SCHEDULE; (2 SETS)

Instructions:
**SERVE 2 SETS**

| # OF SETS TO SERVE | # TO POST | # TO MAIL | GOVT. ENTITY | CORP. | PERSONAL | | ABODE SERVICE CO-RES. OK |
|---|---|---|---|---|---|---|---|
| | | | | | ONLY HIM | ONLY HER | |
| 2 | | | ✓ | ☐ | ☐ | ☐ | ☐ |

SERVED TO: _Jennifer Tapp_   TITLE: _Deputy City Attorney_

# COPIES:   DATE:   /  /2012   TIME:   SERVED BY:

AGE:   SEX:   RACE:   HT:   WT:   EYES:   HAIR:   DIST. MARKS:   LIC. PLATE:

| DATE | TIME | P | SERVER | NOTE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |